### BUXBAUM v. DEVOE.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

SPECIFIC PERFORMANCE—CONTRACT FOR SALE OF LAND.

    A vendor was not entitled to enforce specific performance of a contract for the sale of land, providing for delivery of a deed and possession of the premises on a certain date, where, owing to the occupancy of his tenants on that date, he was unable to deliver actual possession to the vendee.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 30, 31.]

Appeal from Special Term, Westchester County.

Action by Rosie Buxbaum against Miriam C. Devoe. From the judgment, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Ralph Earl Prime, Jr., for appellant.
F. X. Donoghue, for respondent.

MILLER, J. The vendor under a contract of purchase and sale brings this action to compel the vendee to specifically perform the contract. The contract provided that the deed and possession of the premises should be delivered on September 1, 1905. The plaintiff made a tender of a deed on said day, but was not in position to deliver actual possession of the premises for the reason that they were in the occupancy of tenants of the plaintiff. Because of the plaintiff's failure to deliver possession the defendant refused to complete the purchase. I think there can be no doubt that the possession referred to in the contract of purchase and sale meant actual, not simply constructive, possession. The defendant was not obliged to perform on her part unless she could get both the deed and possession of the property, and she certainly was not obliged to take the hazard of dispossess proceedings against the tenants.

The trial court found "that prior to the 1st day of September, 1905, the defendant notified said tenants that she was not going to buy said property and that they need not move from said premises"; and it is claimed that the defendant cannot take advantage of the situation resulting from her own act. One of said tenants did testify on direct examination to a conversation with the defendant substantially as found; but upon cross-examination she testified as follows, namely:

"I suppose I did tell her [meaning the defendant] in substance, 'We cannot move by the 1st of September,' and Mrs. Devoe did say in answer to that, 'Well, now, if I cannot get this house by the 1st of September I don't want it.'"

It clearly appears from the entire testimony of the witnesses who were sworn on the subject that the defendant was desirous of getting possession of the property on the 1st of September; that she so informed the tenants, who told her that they could not give possession at that time, whereupon she said she did not want the property unless she could get possession. It cannot be said, therefore, that the plaintiff's failure to deliver possession was due to any act of the defendant; and, as the parties expressly stipulated for possession on a stated day, equity should not decree specific performance now.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.